IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Joe, #268638, | ) C.A. #2:05-2912-PMD |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Joe Ozmint; Robert Ward; A.J. Padula; D. Mitchell; B Reames; S. Hughes; P. York; C. McDaniels; B. Rickeston; M. James; John Doe(s), Members of SCC; | ) |
| Defendants. | ) |

    The above-captioned case is before this court upon the magistrate judge's recommendation that the case dismissed. Because plaintiff is pro se, this matter was referred to the magistrate judge.[1]

    This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the magistrate judge is authorized to review all pretrial matters in cases filed under Title 42 United States Code, § 1983, and submit findings and recommendations to this Court.

States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2]  No objections have been filed to the magistrate judge's report.

A review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  For the reasons above and those articulated by the magistrate judge, it is hereby **ordered** that this action is **DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) as frivolous, malicious and fails to state a claim**, as well as 28 U.S.C. § 1915(A)(b)(1).

**FURTHER ORDERED**, for the reasons above and those articulated in the magistrate judge's report and recommendation that this action is deemed "**a strike**" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g), and

**ORDERED**, that the magistrate judge's report and recommendation is adopted as the order of this court.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

Charleston, South Carolina
January 19, 2006

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

## NOTICE OF RIGHT TO APPEAL

  Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.